# N. H. MUTUAL FIRE INS. CO. *v.* WALKER.

Judgment will not be arrested, because a title is defectively stated, after verdict.

ASSUMPSIT. The declaration was as follows : to answer to the (plaintiffs,) a corporation by law established, doing business at Concord, in said county of Merrimack, in a plea of the case, for that the said defendant, at said Concord, on

the 22d day of September, A. D. 1841, by his promissory note by him described, of that date, for value received in policy number 14,839, dated September 22, 1841, issued by the (plaintiffs,) promised to pay said company, or their treasurer for the time being, the sum of $276, in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation, require; and the said corporation avers that, on the 25th day of September, A. D. 1848, at said Concord, in conformity to the act of incorporation of said company, the sum of $6,90 was assessed by said company, on the said note of the defendant, and thereafterwards, on the same day, notice of said assessment was given to said defendant, and demand made of him for payment; yet the defendant neglected and refused to pay said assessment for the space of thirty days thereafterwards, whereby and by virtue of said act of incorporation, an action has accrued to the said corporation, to have and recover of said defendant the whole amount of said note, being two hundred and seventy-six dollars.

The second count was in similar form, upon a note of $250, dated September 22, 1847.

The third count was in common form for money paid out and expended by the plaintiffs for the use of the defendant.

After verdict for the plaintiffs, the defendant moved an arrest of judgment, " because the declaration in the plaintiffs' writ contains a misjoinder of actions, the first counts being debt for penalties alleged to have been incurred by the non-payment of assessments, while the third count is assumpsit for money had and received."

*Walker, pro se,* and *Fowler,* for the defendant.

1. The first two counts in this writ are in debt. It has been decided in this State, and is clearly law, we think, every where, that the form of the action is to be determined by the body and substance of the declaration or count, and

not by the name prefixed thereto. The whole could only be recovered as a penalty for neglect to pay the assessment, agreeably to the plaintiffs' act of incorporation, in an action of debt. Comp. Stat. ch. 224, § 1.

In form, these counts are debt, and nothing else, as also they are in substance.

2. The last count is in assumpsit.

3. Counts in debt and assumpsit cannot be joined. 1 Chit. Pl. 201 ; *Rose* v. *Bowler*, 1 H. B. 108.

4. And because they are joined in this case, judgment must be arrested. 1 Chit. Pl. 205.

*H. A. & A. H. Bellows*, for the plaintiff.

BELL, J. The declaration is not skilfully drawn. And upon a demurrer the two first counts could not probably be sustained, but upon a motion in arrest, after a verdict, many objections are waived. If the counts stated a defective title, advantage may be taken of the defect by a motion in arrest, but no such advantage can be taken of a title defectively stated.

To make a perfect title in assumpsit, it is necessary to state a sufficient consideration and a promise, and then to allege a breach of the contract. In its terms, as alleged here, the promise was to pay $276, in such portions and at such times as the directors of the company should require, agreeably to their act of incorporation. A proper assessment is alleged to have been made, notice of it given, and payment demanded, and a refusal to pay stated. In this statement there is all that is required to a perfect declaration in assumpsit. If the count had stopped there, perhaps a recovery should be had of the amount of the assessment only. But no question is raised as to the trial, or as to the assessment of damages.

The doubt arises in the case upon the allegation of these counts which follows the statement of the refusal to pay the

assessment, that payment was refused for thirty days after demand, and that by such refusal, by force of the charter of incorporation, the corporation became entitled to their action to recover of the defendant the whole amount of the note, being $176. Now the insertion of this averment cannot vitiate, after a trial, the preceding good declaration. If it cannot be made to answer a useful purpose, it is to be merely rejected. *Utile per inutile non vitiatur.*

But it is apparent that it was the intention of the plaintiffs to take advantage of the provision of their charter to recover their whole note. There can be no misapprehension as to that, nor can the purpose of the suit to recover the whole be misunderstood. But it is apparent that the plaintiffs' case is defectively stated. It omits, after the allegation of the charter liability to pay the whole note at once, in case any assessment shall not be paid within thirty days after notice and demand, the allegation of a promise to pay the whole, or a neglect, on request, to pay.

This is not an express promise to pay the whole, but a promise implied by law from the facts before alleged. Of such an implied promise the courts take notice, and of course they must see that the only omission here is of the formal allegation of this implied promise, after the facts are all stated which are necessary to raise the implication.

Such an omission is a case merely of a defective statement of a good cause, of which no advantage can be taken by a motion in arrest after a verdict.

The motion, however, is founded not on any supposed defect of either of the counts, but upon the assumption that the two first counts are in debt, and the last in assumpsit; and that so they cannot be joined in the same action, and if joined, the judgment must be arrested. That debt and assumpsit cannot be joined, and that if joined, it furnishes good cause to arrest the judgment, is beyond question. And it is clear that the last count is in assumpsit; but it does not seem to us that there is any room to contend

that the two first counts are in debt, and still less in debt for penalties.

We do not understand this to be a case of a penalty. It is simply a charter provision, that if the assessments are not paid, according to the charter, the company may recover the whole amount of the note by a single suit, instead of being driven to many suits for successive payments. But the company hold this money as a fund to defray assessments during the continuance of the policy, and to be accounted for to the assured at its close, if the whole is not expended, and not as a forfeiture.

There is neither necessity for a declaration in debt in such case, nor any advantage in it to either party. In truth, it is a case where a general assumpsit cannot be maintained, because the recovery is not on the ground of an indebtedness, but of the express stipulations of the contract, and of the act of incorporation referred to in it.

The declaration is defective as a statement of the cause of action, and if amended, it is quite as easy to make it a complete count in assumpsit, as in debt.

The charter of the company being referred to in the notes in suit, the provisions of the charter really constituted a part of those contracts; and the case seems in no way distinguishable from the case as it would have been if the charter provision had been inserted in the premium-note itself. The promise being to pay $276, in such sums and at such times as the directors, agreeably to their charter, may require, provided that if any assessment, duly made, shall be unpaid for thirty days after notice and demand, the whole amount of said note shall be at once paid.

In such a case, the allegations of this declaration would be substantially suitable and sufficient, and most clearly the declaration would be assumpsit, and not debt.

*Motion in arrest denied.*